**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Ronnie Lee MASON, Defendant—
Appellant.**

No. 08–30005.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2008.

Filed Jan. 6, 2009.

Helen J. Brunner, Esquire, Assistant U.S., Adam Walker Cornell, I, Esquire, Catherine Lynskey Crisham, Special Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Jay W. Stansell, Esquire, Assistant Federal Public Defender, Vicki Lai, FPDWA–Federal Public Defender's Office, Seattle, WA, for Defendant–Appellant.

Before: BEEZER, GOULD and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Ronnie Lee Mason appeals the district court's denial of his motion to suppress, following which a jury convicted him of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). We review the denial of a motion to suppress de novo. *United States v. Washington,* 490 F.3d 765, 769 (9th Cir.2007). We affirm.

The facts of the case are known to the parties and we do not repeat them here.

The crux of Mason's argument is that he was seized, making his consent involuntary. We conclude, however, that Mason was not seized until after he was searched and the firearm was recovered. A seizure occurs when "taking into account all of the circumstances surrounding the encounter, the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business." *Id.* (quoting *Florida v. Bostick,* 501 U.S. 429, 437, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991)). Relevant factors include: "(1) the number of officers; (2) whether weapons were displayed; (3) whether the encounter occurred in a public or non-public setting; (4) whether the officer's tone or manner was authoritative, so as to imply that compliance would be compelled; and (5) whether the officers informed the person of his right to terminate the encounter." *Id.* at 771–72.

Mason's encounter was essentially a one-on-one conversation with Officer O'Brien. A second officer arrived during the encounter, but he was at least fifteen feet away, said nothing and split his atten-

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tion between Mason and another officer encounter across the street.[1] Mason's encounter lasted less than five minutes and was in a public parking lot. Officer O'Brien used a "social contact" tone of voice and did not touch his weapon during the encounter. The totality of the circumstances indicates that Mason was not seized prior to the discovery of the firearm. *See United States v. Orman,* 486 F.3d 1170, 1175–76 (9th Cir.2007) (holding that the defendant was not seized under similar circumstances).

Little remains of Mason's argument that his consent was involuntarily once we conclude that he was not seized when he consented. "[A] district court's determination whether a defendant voluntarily consented to a search depends on the totality of circumstances and is a question of fact we review for clear error." *See Washington,* 490 F.3d at 769. The district court properly analyzed the relevant factors in finding that Mason voluntarily consented to the search. *See, e.g., id.* at 775–76. The district court's finding that Mason voluntarily consented to the search is not clearly erroneous, and we conclude that the district court correctly denied the motion to suppress.[2]

**AFFIRMED.**

---

1. That other officers were across a five-lane street talking to other people does not alter our conclusion that Mason's encounter was not a seizure.

2. We need not reach the question whether Mason's encounter with Officer O'Brien was supported by reasonable suspicion because we conclude that Mason was not seized prior to the discovery of the firearm.

